IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH EMMANUEL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-147 |
| | ) | |
| KELLOGG COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, proceeding *pro se*, filed his complaint on October 6, 2023, and paid the filing fee. (Doc. no. 1.) Plaintiff alleges that, on May 24, 2001, he was driving a truck in the state of Maryland for Godfrey Transport and Defendant Kellogg Company when Defendant Erik Brooks, a newly hired employee riding in the passenger seat, assaulted him and bit off a large portion of his ear. (See generally id.) Maryland officials charged Defendant Brooks with first-degree assault, but the criminal case resulted in an unspecified yet disappointing outcome for Plaintiff because Defendant Robyn Riddle, the Maryland prosecutor, "took Mr. Brooks' side of the heinous attack . . . ." (Id. at 7.) Plaintiff has now filed suit against thirty-five defendants including numerous state criminal and worker's compensation officials in both Maryland and Georgia, seeking all manner of injunctive relief, and requesting $2 billion in damages. (See generally id.) Plaintiff checked the box to indicate the assertion of § 1983 claims as the basis for federal jurisdiction, generally alleging due process violations, criminal and civil fraud, willful misconduct, and perjury. (Id. at 4-5.)

In its current form, the complaint is due to be dismissed summarily for at least four reasons. First, Plaintiff never alleges any wrongful acts or omissions that would give rise to any civil claim against anyone other than the assailant, Defendant Brooks. (See generally doc. no. 1.) Plaintiff names thirty-four other Defendants and does not connect any of these Defendants to any wrongdoing. (Id.) Plaintiff's complaint in its current form is a quintessential and impermissible shotgun pleading. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (*per curiam*) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure.").

Second, Plaintiff provides no basis for subject matter jurisdiction with respect to any claims, as yet to be specified, that he is attempting to assert against the non-governmental actors, i.e., Defendants Kellogg, Gallagher Bassett Insurance, Old Republic Insurance, Corvel Enterprise Co., St. Mary's County Hospital, Dr. George Drew, Attorney Shawn Hammond, Attorney Marty Puetz, Eric Brooks, and Kellogg Co. Augusta. (See generally doc. no. 1.) "A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists only where the suit is between citizens of different states and the amount in

controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Plaintiff fails to plead the necessary facts to establish subject matter jurisdiction over any of these non-governmental Defendants.

Third, Plaintiff's complaint fails to allege facts to establish venue in the Southern District of Georgia pursuant to 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Venue is proper under subsection (3) only when no other district satisfies the requirements of the other subsections.  Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 578 (2013).  Here, Plaintiff alleges the assault occurred in Maryland and provides no information concerning the residency of Defendants.  (See generally doc. no. 1.)

Fourth, the complaint fails to establish a basis for personal jurisdiction over the non-resident Defendants.  To determine whether nonresident defendants are subject to personal jurisdiction, the Court must perform a two-part analysis.  United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009).  The Court must determine (1) whether the exercise of personal jurisdiction is proper under the forum state's long-arm statute as that statute would be interpreted by the state's Supreme Court and (2)  the Court must determine whether there are sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of

3

the Fourteenth Amendment.  Id.; Int'l Shoe Co. v. Washington Office of Unemployment Comp. & Placement, 326 U.S. 310 (1945).  Georgia's long-arm statute confers jurisdiction over any nonresident who commits a tortious act or omission within Georgia or "[c]ommits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engaged in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]"  O.C.G.A. § 9-10-91.  The complaint does not allege facts to establish jurisdiction against any of the non-resident Defendants under Georgia's long-arm statute nor does the complaint allege facts to show these Defendants have sufficient minimum contacts with the state of Georgia to satisfy the Due Process Clause of the Fourteenth Amendment.  (See generally doc. no. 1.)

Following the instructions of the Eleventh Circuit to give Plaintiff one chance to remedy his pleading deficiencies, the Court **DIRECTS** Plaintiff to file an amended complaint within fourteen days in accordance with the instructions contained herein.[1]  See Jackson v. Bank of America, N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018).  If Plaintiff wishes to proceed with this action, he must complete and submit the enclosed complaint form.  Plaintiff should carefully review the instructions and provide the particular information requested.

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must

---

[1] The Court **DIRECTS** the **CLERK** to enclose Form Pro Se 1, Complaint for a Civil Case, stamped with the appropriate case number, with Plaintiff's service copy of this Order.

4

contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

**Plaintiff is also cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case, without prejudice.**

SO ORDERED this 7th day of November, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA